**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD A. MARSHACK** | : | **MISCELLANEOUS ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 26-mc-57** |
| | : | |
| **WORLD GLOBAL FUND, LLC** | : | |

**MEMORANDUM OPINION**

**Henry, J.** **July 29, 2026**

Before the Court are two contemporaneously filed motions: a Motion for Issuance of an Order to Show Cause Regarding Contempt Against World Global Fund, LLC, for Failure to Comply with a Subpoena and a Motion to Transfer said contempt motion to the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court"). In light of the exceptional circumstances in this case, I will transfer the Motion for Issuance of an Order to Show Cause to the Bankruptcy Court.

## I. FACTUAL BACKGROUND

The underlying litigation associated with this subpoena involves a bankruptcy proceeding and an associated adversary proceeding. The bankruptcy proceeding was filed on March 20, 2023, when Tony Diab, the principal of Litigation Practice Group ("LPG"), filed a Chapter 11 bankruptcy petition. LPG was a California-based law firm that purported to provide consumer debt resolution services to clients facing financial difficulty. Allegedly, World Global Fund, LLC ("WGF") was involved with LPG by purchasing account receivables, redirecting LPG funds, concealing improper LPG transfers and was the main processor of LPG ACH transactions debiting client accounts. Therefore, Marshack, the bankruptcy trustee, believes that WGF is

likely in possession of documents and information necessary for Marshack to locate and recover funds wrongly taken from LPG and owed to its creditors.

Marshack filed an adversary proceeding in March of 2025 and named WGF and its principal, Shia Dembitzer, as defendants. Dembitzer contacted counsel for Marshack seeking a stay of the adversary proceedings as to him and WGF, which Marshack agreed to in exchange for the provision of documents and information by WGF and Dembitzer that would assist Marshack in recovering fraudulently transferred funds. Dembitzer was interviewed, but other than that, he provided no documents or information on behalf of himself or WGF, causing Marshack to move to lift the stay. WGF failed to respond to the Complaint in the Adversary Proceeding and default was entered against him.

Marshack subpoenaed WGF, and it failed to respond, so Marshack filed a motion for an order to show cause in the Central District of California. This motion was denied without prejudice, and thereafter, Marshack issued a new subpoena with a new address for Shia Dembitzer, WGF's principal, and a place of compliance in Chester County, Pennsylvania. WGF was eventually served on May 7, 2026, and failed to respond in a timely fashion, nor did it contact Marshack. The instant miscellaneous action was then instituted in this Court, and WGF failed to respond to the instant motions as well.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 45 sets forth rules and guidelines for non-party subpoenas. *See* Fed. R. Civ. P. 45. It also permits a court that did not issue such a subpoena to transfer a motion to "the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The "issuing" court is the court where the action is pending, in this case, the United States Bankruptcy Court for the Central

District of California. Fed. R. Civ. P. 45(a)(2). Rule 45(f) attempts to strike a balance between the protection of "local nonparties" and the reality that "transfer to the court where the action is pending is sometimes warranted." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment, subdivision (f).

The proponent of transfer under Rule 45(f) bears the burden of demonstrating that there are exceptional circumstances. *Id*. Exceptional circumstances may arise in a case where the issuing court has "already ruled on issues presented by the motion," or when "the same issues are likely to arise in discovery in many districts." *Id.; see also United States ex rel. Simpson v. Bayer Corp.*, No.16-mc-207, 2016 WL 7239892, at *1 (E.D. Pa. Dec. 15, 2016). Courts have also examined "the complexity of the case, the procedural posture, the length of time in which the underlying action has been pending, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying action." *Kompan A/S v. MRC Recreation, Inc.,* No. 24-6158, 2024 WL 4278988, at *2 (D.N.J. Sept. 24, 2024) (citation omitted). "Transfer also may be warranted to avoid disrupting the issuing court's management of the underlying litigation." *Id.* Whether to transfer a motion under Rule 45(f) "is committed to the discretion of the court where compliance is required." *Id.,* citing *Hall v. Marriott Int'l, Inc*., No. 21-80165, 2021 WL 3129598, at *1 (N.D. Cal. July 23, 2021).

## III. ANALYSIS

Upon review of the underlying circumstances surrounding the subpoena issued to WGF, I find that exceptional circumstances exist to warrant transfer of the Motion to Show Cause from this Court to the Bankruptcy Court. According to pleadings from the Bankruptcy Court, the instant subpoena is part of a long-running bankruptcy proceeding involving hundreds of claimants, adversary proceedings and defendants linked to an alleged Ponzi scheme that

wrongfully diverted hundreds of millions of dollars from LPG, depriving its creditors of their property. The same Judge, the Honorable Scott C. Clarkson of the Central District of California Bankruptcy Court, has been involved with this matter from the initial bankruptcy and is overseeing the adversary proceedings that the Trustee has filed to reacquire the wrongfully transferred funds. Accordingly, Judge Clarkson is familiar with the purpose of the subpoena served upon WGF, as well as the information that is expected to be produced in response to said subpoena.

In addition, Judge Clarkson also had before him a prior motion to show cause regarding a prior subpoena of WGF. Judge Clarkson denied this motion as to WGF without prejudice, but the argument in the motion to show cause in this matter is the same: WGF received a subpoena from the Trustee and refused to respond. Clearly, Judge Clarkson has a level of familiarity with both this subpoena, the motion to show cause, WGF and the larger proceedings that warrant transferring the motion to his Court.

Further, I find that given the complexity of the litigation in the Bankruptcy Court, the Court's prior experience with WGF, the apparent relevance of the subpoenaed documents and information, the minimal burden on WGF by virtue of its prior status as a defendant, and the use of teleconferencing in the United States Bankruptcy Court for the Central District of California, any burden on WGF is minimal and clearly outweighed by the exceptional circumstances.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, I find that exceptional circumstances exist to warrant transferring the motion for issuance of a show cause order to the United States Bankruptcy Court for the Central District of California. An appropriate order follows.